UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JUANZELL C. JENKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:03-CV-363/1:02-CR-27 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter comes before the Court on the motion of *pro se* petitioner Juanzell C. Jenkins ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). Petitioner filed a brief in support of his motion (Court File No. 2). Pursuant to the Court's Order (Court File No. 3), the Government filed a response to Petitioner's motion (Court File No. 11). Petitioner filed a reply (Court File No. 12). In addition, Petitioner filed a motion to amend his § 2255 motion (Court File No. 13). After careful consideration of the above motions and briefs and for the reasons discussed below, the Court will **DENY** Petitioner's motion to vacate, set aside, or correct his sentence (Court File No. 1) and Petitioner's motion to amend (Court File No. 13).[1]

I. **FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in petitioner's § 2255 motion filed herein, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:02-CR-27, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

Petitioner was charged with thirteen co-defendants on seven counts of a forty-five count superseding indictment (Crim. Court File No. 68). Petitioner was involved in illegal drug activity in Chattanooga (*See, e.g.,* PSR ¶ 46, 47) and was found with 35.1 grams of crack cocaine in Bristol, Tennessee on July 14, 2000 (PSR ¶ 52). Eventually, Petitioner entered into a plea agreement with the Government (Crim. Court File No. 195). The plea agreement contains the following facts:

> 9. Relative to [Petitioner's] involvement, [Petitioner] agrees and stipulates that the proof would establish [] the following:
>
>> [Petitioner] was a marijuana and crack cocaine customer of various members of the conspiracy. He obtained marijuana from Bryan Miller, Darrius Higgins and others. He also obtained crack cocaine from these individuals and thereafter distributed these drugs.
>>
>> [Petitioner's] involvement in the drug scheme is charged in Count One of the Superseding Indictment. By pleading guilty to this offense, [Petitioner] stipulates that he knowingly entered a conspiracy to distribute at least 28 grams of crack cocaine and 100 kilograms of marijuana.
>>
>> [Petitioner] personally wired drug proceeds back to California to pay Miller and his associates for additional drugs. Western Union records evidence that [Petitioner] wired at least $6,300 back to Miller in California on at least three occasions. The money was wired back by [Petitioner], using a false name, to California to disguise and conceal the true ownership of the money and to promote the drug activities by insuring that future shipments of drugs could be made. [Petitioner's] involvement in this scheme is charged in Count Two of the Superseding Indictment.

(*Id.* at ¶ 9).

Pursuant to the plea agreement, Petitioner pleaded guilty to conspiring to distribute five kilograms or more of a mixture containing cocaine base and 100 kilograms or more of a mixture containing marijuana in violation of 21 U.S.C. § 846 (Count I) (*Id.* at ¶ 1; PSR ¶ 1). Further, Petitioner pleaded guilty to conspiring to commit money laundering involving the proceeds of

unlawful controlled substances distribution activity in violation of 18 U.S.C. §1956(h) (Count II) (Crim. Court File No. 195 at ¶ 1; PSR ¶ 4). Before sentencing, a Presentence Investigation Report ("PSR") was prepared. The PSR attributed 35.1 grams of crack cocaine and 100 kilograms of marijuana to Petitioner (PSR ¶ 73, 82). Petitioner objected to the 35.1 figure because he felt he had stipulated in the plea agreement the amount of crack cocaine was twenty-eight grams (Addendum to PSR). However, the relevant lab reports showed the correct amount of cocaine was 35.1 grams. (*Id.*).

At sentencing, the Government dismissed the other five counts against Petitioner (Crim. Court File No. 227) and in accordance with the plea agreement the Government moved for a downward departure based on substantial assistance (Crim. Court File No. 216). Further, the Court found the correct amount of crack cocaine to be 35.1 grams (*See* Judgment, Statement of Reasons; PSR ¶ 73). Petitioner was then sentenced to eighty-six months and a final judgment was entered on November 8, 2002 (Crim. Court File Nos. 227, 231).

Petitioner filed this Petition to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255 on October 9, 2003. The Petition was timely filed within the statutory one-year limitation period. 28 U.S.C. § 2255(1).[2]

---

[2] 28 U.S.C. § 2255, provides, in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they conclusively show petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide the matter without an evidentiary hearing, explaining its reasoning as it addresses each of Petitioner's asserted grounds for relief. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993).

**II.    DISCUSSION**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22,

---

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'" *Gail v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Petitioner asserts three grounds upon which he argues the Court should vacate, set aside, or correct his sentence. Petitioner claims he was denied ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution because:

(1) Counsel failed to object to the joinder of counts 6, 7, and 8 to the conspiracy counts in the superseding indictment (Court File No. 1, Ground I);

(2) Counsel failed to object to the case being prosecuted in Chattanooga (Court File Nos. 2, 12); and

(3) Counsel did not raise issue of downward departure as a minimal or minor participant (Court File No. 1, Grounds II, III).

**A.      Ineffective Assistance of Counsel**

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

5

> defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The *Strickland* test, however, must be adjusted in cases where a defendant has pled guilty instead of being found guilty after a trial. *Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.), *cert. denied,* 484 U.S. 870 (1987). To successfully challenge a guilty plea on the ground of ineffective assistance of counsel, Petitioner must show a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded

guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994); *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Smith*, 981 F.2d 887, 894 (6th Cir. 1992).

The *Strickland* Court further held both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

Petitioner has asserted his attorney, John E. Eberly, provided ineffective assistance in three ways. The Court will address each of these in turn.

### 1. Failure to Object to Joinder of Counts Six, Seven, and Eight

Petitioner first argues he was denied effective assistance of counsel when his counsel failed to object to the joinder of substantive counts six, seven, and eight[3] with the conspiracy charges in

---

[3] Count six states "on or about July 14, 2000...the [Petitioner]...aided and abetted by another, did knowingly, intentionally and without authority distribute a mixture or substance containing cocaine...(Crim. Court File No. 68, Count VI).

Count seven states "on or about July 14, 2000...the [Petitioner]...aided and abetted by another, did knowingly, intentionally and without authority possess with intent to distribute...a mixture and substance containing cocaine...(*Id.*, Count VII).

Count eight states "on or about July 14, 2000...[Petitioner], did knowingly possess a

7

counts one and two. Petitioner argues the counts are severable because his criminal activity in Bristol, Tennessee was not part of the same common scheme or plan that occurred in Chattanooga or California (Court File No. 2, pp. 2-3; Court File No. 12, pp. 2-4). In support of this argument, Petitioner states he went to Bristol with his friend Vandrell Wilson on a "separate venture apart from any activities in Chattanooga, when alleged possession of cocaine charges were had" (Court File No. 12, p. 3). Further, Petitioner alleges, the lead co-conspirator, Darrius Higgins, was in jail when he was caught in Bristol with cocaine proving his illegal activities in Bristol are separate and apart from those activities occurring in Chattanooga (*Id.* at pp. 2-4).

Since Petitioner claims Mr. Eberly provided ineffective assistance of counsel, one question for the Court is whether Mr. Eberly's failure to object to the joinder of counts six, seven, and eight was objectively unreasonable. Looking at the face of the indictment, if Mr. Eberly had moved to sever counts six, seven, and eight from the indictment, the Court would likely have refused to sever. *See United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995) (stating "it is the face of the indictment on which we must focus in deciding whether the charges were properly joined") Federal Rule of Criminal Procedure Rule 8(b)[4] provides as follows:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or

---

firearm...in furtherance of the drug trafficking offense set out in Count One... (*Id.*, Count VIII).

[4] The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has not yet determined whether Federal Rule of Criminal Procedure 8(a) or 8(b) applies in cases such as this where multiple defendants have been charged but only one defendant is contesting the joinder of counts against himself. *See U.S. v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997) (noting authority for applying Rule 8(a) instead of 8(b) when a defendant in a multiple-defendant prosecution challenges only the joinder of the offenses charged against himself but applying Rule 8(b)). Regardless, in this case, joinder appears to have been appropriate under the stricter Rule 8(b) standard so the Court need not address Rule 8(a).

> transactions, consisting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Typically under Rule 8(b) "joinder is permitted of a conspiracy count and substantive counts arising out of the conspiracy, since the claim of conspiracy provides a common link, and demonstrates the existence of a common scheme or plan." 1A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 144 (3d ed. 1999). Further, joinder under Rule 8(b) "can, and should, be broadly construed in favor of initial joinder...." *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) (citations and quotations omitted); *see also United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002) (holding Rule 8 should be construed in favor of joinder). Here, the substantive counts (six, seven, and eight) were committed on July 14, 2000 and appear to arise out of the first count charging Petitioner with being part of a cocaine and marijuana drug conspiracy starting in April 1996 and ending in February 2002. Since the substantive charges logically relate to the conspiracy charge and Rule 8 is to be construed in favor of joinder, any joinder objection before trial would have likely been overruled. Although it is possible the Court would have severed the substantive counts of the indictment, it was not below an objective standard of reasonableness for Mr. Eberly to not raise a joinder objection.

However, assuming the substantive counts were misjoined and Mr. Eberly was deficient in not raising an objection to their joinder, Petitioner's ineffective assistance of counsel claim must still fail because Petitioner has not demonstrated he was prejudiced. Even if counts six, seven, and eight were misjoined, they were dismissed before sentencing making it hard for the Court to understand how the misjoinder prejudiced Petitioner. Despite the dismissal of the substantive counts, Petitioner argues he was prejudiced by the misjoinder because if a joinder objection was made it would have

9

been discovered that Petitioner was only responsible for twenty-eight grams of cocaine, the amount Petitioner stipulated to in the plea agreement, instead of 35.1 grams of cocaine. This argument is without merit. A joinder objection would have resulted in the Court looking at the face of the indictment to see if the substantive counts were part of the same act or transaction or in the same series of acts or transactions. *See Hubbard*, 61 F.3d at 1270. A joinder objection would not have required the Court to determine whether Petitioner should be responsible for 35.1 grams instead of twenty-eight grams. Further, Petitioner had an opportunity to object to the 35.1 figure before sentencing and he in fact did so. However, the Court found the proper amount to be attributed to Petitioner was 35.1 not twenty-eight (*See* Judgment, Statement of Reasons; PSR ¶ 73). Thus, it is clear Petitioner was not prejudiced by Mr. Eberly's failure to somehow get the quantity issue before the Court through a joinder motion. Accordingly, the Court will **DENY** Petitioner's request for relief on this ground.

### 2. Failure to Object to Being Tried in Chattanooga

Next Petitioner argues his counsel was ineffective because he did not object to Petitioner being tried in Chattanooga, Tennessee. Petitioner asserts the proper venue in his case should have been Greeneville, Tennessee where it was more convenient to have his case tried. Petitioner cites no authority to support his argument. Pursuant to Fed. R. Crim. P. 18 "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in the district where the offense was committed." Greeneville and Chattanooga are in the same district (Eastern District of Tennessee), therefore, Rule 18's requirement of being prosecuted in the district where the offense was committed has been met. Further, even if Mr. Eberly moved to transfer Petitioner's case to Greeneville, "[a]n intradistrict transfer is not required absent a strong showing of prejudice." *United*

*States v. Duncan*, 919 F.2d 981, 985 (5th Cir. 1990). Here, Petitioner has not shown how he was prejudiced by being prosecuted in Chattanooga. Petitioner merely points to the inconvenience of calling witnesses from Bristol, Tennessee who could contest the 35.1 figure in the lab report. However, Petitioner has not named any witnesses who would have contested the lab report if the case was in Greeneville. Further, Petitioner has not even alleged he subpoenaed a single witness who was unable to appear due to the Chattanooga location. Since Petitioner has not made a strong showing of prejudice, the Court must conclude the Chattanooga venue was proper. Since venue was proper, Petitioner's counsel was not deficient in failing to object to venue.

Moreover, assuming venue was improper, for the reasons just discussed, Petitioner has failed to show how he was prejudiced by the Chattanooga location as required by *Strickland*. Accordingly, the Court will **DENY** Petitioner's request for relief on this ground.

### 3. Failure to Move for Reduction Based on Limited Role in Offense

Petitioner argues his counsel was ineffective for failing to move for an offense level reduction for his limited role in the conspiracy pursuant to USSG § 3B1.2. Section 3B1.2 allows a district court to decrease an offense four levels if the defendant was a "minimal participant" and two levels if the defendant was a "minor participant." Petitioner's claim fails for several reasons. First, it is doubtful Petitioner was a "minimal participant" or "minor participant." The defendant carries the burden of demonstrating his mitigating role by a preponderance of the evidence. *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001). Yet, petitioner has mostly made conclusive statements in his briefs regarding his minimal and minor participant role.

A minimal participant is one who "plays a minimal role in the concerted activity." U.S.S.G. § 3B1.2, comment (n.1). The minimal participant reduction "is primarily for someone who played

11

a single, limited role in a very large organization...such as someone who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment." *United States v. Mahan*, 190 F.3d 416, 426 (6th Cir. 1999) (quotations omitted). Here, Petitioner was involved in multiple drug transactions and wire transfers. Therefore, it cannot be said he was a minimal participant.

A minor participant "means any participant who is less culpable than most other participants, but whose role could not be described as minimal." *United States v. Roberts*, 223 F.3d 377, 379 (6th Cir. 2000) (quoting USSG § 3B1.2(b), comment. (n.3)). A defendant who plays a lesser role in a criminal scheme may not qualify for a minor participant reduction if his role was "indispensable or critical to the success of the scheme, or if his importance in the overall scheme was such as to justify his sentence." *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001). Here, it is clear Petitioner was not involved in every transaction in the conspiracy. However, without more facts, the Court cannot say Petitioner would have carried his burden in proving he was a minor participant if his counsel had moved the court for a mitigating role reduction.

Regardless, even if Petitioner technically met the definition of a minor participant, he cannot show he was prejudiced by his counsel's failure to move for a role reduction. If a defendant is a minor participant in relation to the scope of a conspiracy as a whole, he is not entitled to a mitigating role reduction if he is held accountable only for the quantity of drugs directly attributable to him. *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir. 2002); *United States v. Welch*, 97 F.3d 142, 152 (6th Cir. 1996); *United States v. Walton*, 908 F.2d 1289, 1303 (6th Cir. 1990). At sentencing, the Court held Petitioner accountable for 35.1 grams of cocaine base (which converts to 702 kilograms of marijuana under USSG § 2D1.1) and 100 kilograms of marijuana. The cocaine base

was directly attributable to Petitioner, while much of the marijuana was indirectly attributable to him through co-conspirator activities. However, if the co-conspirator marijuana is ignored, Petitioner would have been subject to the same base offense level of thirty.[5] Therefore, even assuming Petitioner could meet the definition of a minor participant Petitioner has not shown he was prejudiced.

In addition, Petitioner was not prejudiced because the Court could have sentenced Petitioner to eighty-six months even if a minimal or minor participant departure was warranted. At sentencing, the Court determined the appropriate guideline range was 100-125 months (Judgment, Statement of Reasons).[6] However, the Court departed from this range upon motion of the Government pursuant to USSG § 5K1.1 (Crim. Court File No. 216). Under § 5K1.1 the Court is given discretion to make an appropriate reduction when a defendant substantially assists the Government. However, the Court is not required to make a downward departure for substantial assistance. *See United States v. Jones*, 417 F.3d 547, 550 (6th Cir. 2005) (explaining under § 5K1.1 "whether to depart and how much to depart [is] entirely committed to the district judge's discretion."). Therefore, assuming the Court decided not to grant a downward departure for substantial assistance, a four level reduction for minimal participation under § 3B1.2, would have resulted in a guideline range of 70-87 months. Petitioner was sentenced to eighty-six months which is still within this range. Thus, Petitioner has not met his burden in showing prejudice as a result of his counsel's failure to move for a role

---

[5] USSG § 2D1.1(c)(5) provides a base offense level of thirty when a defendant is attributed with "At least 700 KG but less than 1,000 KG of Marihuana." Petitioner was directly attributed with 35.1 grams of cocaine base which converts into 702 kilograms of marijuana (35.1 grams of crack cocaine x 20 kilograms) (USSG § 2D1.1, Drug Equivalency Tables; PSR ¶ 73).

[6] This was based on a total offense level of twenty-seven and a criminal history category of IV (Judgment, Statement of Reasons).

13

reduction. Accordingly, the Court will **DENY** Petitioner's request for relief on this ground.

III.     **SUPPLEMENTAL BRIEF MOTION**

Petitioner has moved to amend his § 2255 motion to add claims under *Blakely v. Washington*, 524 U.S. 296 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005) (Court File No. 13). Petitioner argues judicial fact finding enhanced his sentence in violation of *Blakely* and *Booker*. However, Petitioner's judgment became final well before *Blakely* and *Booker* were decided. As a result, *Blakely* and *Booker* are not applicable to Petitioner's § 2255 claim. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (concluding *Blakely* and *Booker* do not apply retroactively in collateral proceedings). Accordingly, the Court will **DENY** Petitioner's motion to amend as futile.

IV.     **CONCLUSION**

For the reasons stated above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**. Further, Petitioner's motion to amend will be **DENIED** as futile.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[7] Section 2255 now incorporates the old habeas procedure of issuing or denying a

---

[7] The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts

14

certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability,

---

regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

15

the Court determines that any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R.App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

                                                        **/s/**
                                       **CURTIS L. COLLIER, CHIEF**
                                       **UNITED STATES DISTRICT JUDGE**